# AFFIDAVIT OF SPECIAL AGENT LAUREN VATIER

I, Lauren Vatier, being duly sworn, depose and state as follows:

## AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI). I have been a Special Agent with the FBI since 2024. I am currently assigned to the Worcester Resident Agency of the Boston Division and the Child Exploitation and Human Trafficking Task Force. While employed with the FBI, I have investigated numerous criminal violations, including the on-line sexual exploitation of children. In addition, during my tenure with the FBI, I have conducted or participated in the execution of search warrants involving electronic evidence. I received training in the investigation of child exploitation offenses, including child pornography, and have had the opportunity to observe and review examples of child pornography, as defined in Title 18, United States Code, Section 2256.[1]

2. I have personally participated in the investigation of the offenses discussed below. I am familiar with the facts and circumstances of this investigation from my participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography.

## PURPOSE OF AFFIDAVIT

3. I submit this affidavit in support of an application for criminal complaint charging Kristopher AMBROZEWICZ (born 1990) with violations of 18 U.S.C. §§ 2252A(a)(5)(B) and

---

[1] "Child pornography" is a term defined by statute as "any visual depiction…of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct." *See* 18 U.S.C. § 2256(8)(A). In recent years, child pornography has been more widely referred to as "child sexual abuse material (CSAM)," including by law enforcement and the National Center for Missing and Exploited Children. Where I use that term in this affidavit, it is to refer to child pornography as defined by federal statute.

(b)(2) (knowing possession or access with intent to view material containing child pornography).

4. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all my knowledge about this matter.

**PROBABLE CAUSE**

5. On August 12, 2026, FBI agents, with the assistance of local law enforcement, executed federal warrants authorizing them to search AMBROZEWICZ and a residential address in Athol, Massachusetts (the "Target Location") for evidence fruits, and instrumentalities of violations of 18 U.S.C. § 2252A (the receipt, distribution, possession and access with intent to view child pornography), and 18 U.S.C. § 2251(a)(sexual exploitation of children).

6. According to the Massachusetts Registry of Motor Vehicle (RMV) records, AMBROZEWICZ resides at the Target Location. A black 2008 Volkswagen Rabbit is registered to AMBROZEWICZ.[2]

7. On August 12, 2026, at approximately 8:00 a.m., I observed the Volkswagen outside of the Target Location. Investigators approached the Target Location and spoke with AMBROZEWICZ, and he provided them with his cellular telephone.[3] AMBROZEWICZ received a copy of the warrant for his person and residence and agreed to an interview.

---

[2] On August 5, 2026, agents observed AMBROZEWICZ exit the residence and drive in the Volkswagen from the Target Location. to Recovery Centers of America on Village Inn Road in Westminster, Massachusetts, where he is employed.

[3] AMBROZEWICZ's cellular phone is an iPhone 16 Pro with IMEI 352657192546332.

8. Investigators searching AMBROZEWICZ's cellular phone located 231 digital files[4] in a hidden folder inside the default iOS Photos app. While not all of digital files contained CSAM, investigators located several videos that showed prepubescent children in various stages of nudity, masturbating, and engaged in sex acts.[5] For example:

(a) Video 1:

Metadata:

[redacted]

Description:

[redacted]

---

[4] The content of the hidden folder was accessed once via facial recognition and again via the phone's pin code and all were accessed via manual phone examination (i.e., not during a digital forensic examination).

[5] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" insufficient basis for determination of probable cause). Here, however, the descriptions offered in the following paragraphs "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The children described herein are [redacted] – in all events, younger than eighteen. Furthermore, the descriptions of the files here are sufficiently specific as to the age and/or appearance of the alleged children as well as the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that they depict child pornography. Nonetheless, the described imagery is available for review at the Court's request.

[redacted]

(b) Video 2:

Metadata:

[redacted]

Description:

[redacted]

(c) Video #3

Metadata:

[redacted]

Description:

[redacted]

9. At approximately 8:30 a.m., agents began the voluntary interview of AMBROZEWICZ at his residence. Prior to starting the interview, he was advised repeatedly that he was free to leave. He agreed to remain and speak with agents. The interview was audio

recorded; AMBROZEWICZ statements are summarized herein rather than recounted verbatim unless indicated otherwise.

10. During the interview, AMBROZEWICZ stated that he has served as a youth soccer referee and as a referee assigner for the North Quabbin United Soccer Club and that he works part time at CHD Outpatient Behavioral Health Services in Orange, Massachusetts where he sees both youth and adult patients.

11. The FBI seized numerous electronic devices for further forensic review, including laptops, hard drives, and various other electronic storage media. The files described herein are a representative sample of a significant volume of videos depicting CSAM identified during the on-site preview of AMBROZEWICZ's electronic devices.

## CONCLUSION

12. Based on the foregoing, I submit that there is probable cause to believe that on or about August 12, 2026, in the District of Massachusetts, AMBROZEWICZ knowingly possessed any child pornography, as defined in Title 18, United States Code, Section 2256(8) that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § § 2252A(a)(5)(B) and (b)(2). Accordingly, I respectfully request that that the Court issue the requested criminal complaint.

Sworn to under the pains and penalties of perjury,

________________________________
Lauren Vatier
Special Agent
Federal Bureau of Investigation

Sworn via telephone in accordance with Federal Rule of
Criminal Procedure 4.1 on August ____, 2026

________________________________
HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE